And we'll move to our last case this morning, United States v. Turner. All right, good morning. Mr. Blesson, you may proceed. Good morning, Your Honors. It may please the Court. I'm Richard Blesson, a law student at the University of Wisconsin, and I'm privileged to be representing Quintez Turner. There are two remaining contested issues in Mr. Turner's case. I'd like to talk primarily about Mr. Turner's motion to suppress, but I'll begin by addressing the threshold question regarding Mr. Turner's conditional plea. With respect to the conditional plea, Mr. Turner filed a pro se letter to the district court asking to reserve his appellate rights and then physically and effectively stood alone in court during his change of plea. The government agrees that Mr. Turner's letter and the plea hearing transcript constitute a writing for the purposes of Rule 11. There was also agreement between the parties on Mr. Turner's plea. In fact, the government had the opportunity to halt the plea hearing but chose to proceed pursuant to Mr. Turner's letter. The government also does not say it disagreed with the plea. Finally, it's clear that resolution of the suppression motion would resolve the case. There's no case against Mr. Turner if the district court had granted Mr. Turner's motion to suppress. Mr. Blesson, on the waiver issue, as I understand your position and the table that you helpfully put in your brief, you don't argue that there was any express consent by either the U.S., the government, or the court to the conditional plea. Is that right? Only a silent failure, basically, to dispute and tell the defendant and warn him that his plea would not save his rights. I think that's fair, Your Honor. And I also would add that, you know, in Adigan, this court advised lower courts to advise defendants of which appellate rights they're waiving by entering a guilty plea because many lay defendants don't recognize the effect that a guilty plea could have on their appellate rights. There's an argument here that it could be made that he was not properly informed of the consequences of his plea. But the remedy for that would seem to be a withdrawal of his guilty plea. Is that what he's seeking? I think Mr. Turner is seeking to appeal his Fourth Amendment claim. And I think given, you know, there were unusual circumstances with the COVID pandemic, but Mr. Turner was alone in court without his counsel. He and his counsel agreed to go forward on those ground rules, right? They did agree to go forward, yes. You could talk privately if they wanted to. That's correct, yes. But I think, you know, in light of Mr. Turner's pro se letter, which, you know, immediately follows the denial of his motion to suppress, I think all those factors taken together weigh in favor of Mr. Turner having preserved his Fourth Amendment claim. Mr. Blesson, there's a distinction, isn't there, between an open plea and a conditional plea? And there was discussion in the record about it being open. Obviously, Mr. Turner uses the word open in his letter. He also talks about reserving appellate rights. Those are not common terms. Those are not, they don't have an overlap. How do we deal with this discussion about an open plea, given that Mr. Turner wants the plea to be conditional? I think in the plea hearing transcript, the government says that they understand that Mr. Turner is hoping to preserve any number of appellate issues. The district court itself tells Mr. Turner that he's preserving some of his appellate rights. And so I think those things, and also, you know, in light of the fact that Mr. Turner is alone in court, he did agree to proceed. But, you know, given that he's physically and effectively alone in court during the change of plea hearing, you know, I think despite the fact that the term open plea was used, I think it's fair that Mr. Turner understood that he was preserving his appellate rights. Well, that wasn't, there was a specificity requirement for a conditional plea. And that's the, I think, thrust of the question that Judge Brennan just asked is what specifically was being reserved? Because if this was a conditional plea, certainly it wasn't in writing, the government is waiving that issue, or not contesting that issue, or resting on it. But there is a specificity requirement that there needs to be some specificity about what it is that's being reserved, what the condition is. And that's the rub here, it seems to me. I think, you know, in a case like Suraj, there were multiple pretrial motions. So there may have been a need for greater specificity. I think here, given that Mr. Turner had a single substantive pretrial motion, a motion that would have been dispositive in the case, I think it's clear on the record what Mr. Turner was hoping to appeal. And again, I would add that, you know, to the extent that there should have been greater clarity, I think there could have been a discussion at the district court level, but Mr. Turner didn't have the benefit of that discussion. So there are circumstances where I think greater specificity is needed, but given there's a single substantive dispositive motion, I'm not sure if it's necessary here. I'm sorry. Well, just to be absolutely clear, this is not a claim that the plea was not knowing involuntary, and there's no request to withdraw it. You're seeking enforcement of the condition, which is preservation of his right to appeal the adverse suppression ruling. That's correct, Your Honor. Mr. Busson, if we reach the motion to dismiss, the case would only come out differently if Mr. Turner can show that the good faith exception does not apply. What are your comments on that? I think given the deficiencies in probable cause in this case, I don't think that a reasonable officer would have sought a warrant on these facts, and a reasonable magistrate would not have approved one on these facts. I think given that it's the uncorroborated statements of a single informant with no identified basis of knowledge, I think there was insufficient probable cause. I also think there's an issue in terms of Jardines. The canine search of the home was a complete search, and here the investigating officer was attempting to use that canine search to build the probable cause for a physical search of the interior of the residence. I think there's an important policy reason to reject the good faith exception here. Given the home's special status in Fourth Amendment jurisprudence, a single individual calling the police and reporting marijuana smell, I don't think should be able to trigger an invasion of residential privacy. Well, that's a good argument for the lack of probable cause. I guess I have trouble understanding why the officer should have known that the magistrate was making a mistake. Well, I think here the officer himself testified to his concerns about probable cause, so there's indication that... Well, sure, and he went to a judge. That's the core of what Leon is about, the protection that goes with when the police take that step. I think given that there's no that a reasonable officer would have relied on that warrant. Who is the judge who issued it? A magistrate issued it. I'm not sure of the name offhand. A courts? Yes. Okay. That's their job. That's the police? Well, okay. That's correct, Your Honor. Unless there are further questions, I'd like to reserve the remainder of my time for rebuttal. Thank you. Mr. Simpson. Good morning, Your Honors. May it please the court. I'm Scott Simpson on behalf of the United States. To start with the waiver issue, Mr. Turner's biggest obstacle here is that Rule 11 requires the defendant to reserve, quote unquote, a specified pretrial motion for appellate review, and he didn't do that. Defense counsel has referred to the Siraj decision, which they cite in their reply, but that decision actually supports the government's position here. The written plea agreement in the Siraj case specified by date the district court orders being reserved for review, and that's exactly what the defendant in this case did not do. Rule 11 also requires that the government have consented to the preservation of a particular ruling for appeal, and the government did not do that here. Mr. Turner was actually represented by counsel who participated in the change of plea hearing. It was only because of the pandemic that they were in different places, but he was represented at that time. If the intent had been to preserve the suppression issue for appeal, defense counsel could and should have made that clear and asked for the government to consent. We understand the fact that Mr. Turner did not want to enter into a written plea agreement. That was his choice, and because of that, he did not waive the right to appeal. As has been said already, it was an open plea. He can, for example, appeal his sentence as he has in this case, but he cannot plead guilty under Rule 11 and preserve his right to appeal the district court's ruling on a pretrial motion without doing so expressly, and he didn't do that. So for this reason alone, your honors, the defendant's appeal on the suppression issue should be dismissed. Mr. Simpson, obviously Magistrate Long was doing this remotely. We're 11 months into the pandemic, very thorough plea hearing, gone through the transcript a number of times. Page 25 of the plea transcript towards the bottom, it looks like Magistrate Long says, now you do, by entering a plea, an open plea like this, you're preserving your right under federal law to appeal both your sentence and conviction. You understand that you have that right to appeal? Yes, sir. Is there anything problematic about that statement by Magistrate Long given what we can presume Mr. Turner's state of mind was with regard to the conditional plea? No, your honor, I don't think so. I mean, again, it was an open plea. He did not enter into a plea agreement, and because he entered into an open plea, he didn't sign anything saying that he was waiving his appeal rights, as is normally contained in a plea agreement. And he knew that he could appeal. He could appeal, for example, his sentence. But again, Rule 11 says that to preserve a particular pretrial motion, that motion has to be referred to. And there are multiple chances, there are multiple opportunities here for Mr. Turner himself, for his attorney, for any of the other participants to refer to that pretrial ruling, and it never was. The open plea certainly allowed him to appeal his sentence, but I was concerned about the same comment Judge Brennan was asking about. I don't see how he was preserving a right to appeal his conviction. Well, I would think he preserved his right, as we can refer to already. I think he preserved his right to say that his guilty plea was not voluntary, and that would be challenging his conviction. That's in the midst of the guilty plea colloquy itself. That would be very odd. Perhaps so, Your Honor, but obviously, as we've seen, defendants do challenge voluntariness of their guilty pleas, even if that colloquy has taken place. So, if I could turn to the merits of the suppression issue, the question here is whether all of the circumstances support a finding of probable cause. There only, of course, has to be a fair probability that evidence of crime will be found at the particular place, and of course, we defer to the issuing judge on that determination, and I believe the issuing judge's name was Kennedy. It was a state judge. I believe it was Judge Kennedy, although I might be remembering that incorrectly. Contrary to the argument, I don't think this has been referred to before yet in that argument, but the defense makes this argument in their reply brief that this case is about one person's scent detection capability. That's a red herring. This case is about the totality of the circumstances, as it always is in a Fourth Amendment context, and here what we have for the totality of the circumstances is we have a tenant, a different tenant complained about possible drug activity and the strong smell of marijuana coming from the defendant's apartment. The landlord went to the police, reported smelling marijuana very strongly himself several times. He said he was very familiar with that smell. There was no evidence that he was lying to the police. The landlord smelled marijuana so strongly in the apartment directly above the defendant's apartment that he had to open the windows to marijuana even more strongly when he talked to the defendant at the apartment door twice. What do we do with the fact that the officer tried to corroborate the smell of apartment 103 and he could not? If I were the issuing judge, that effort to corroborate would seem pretty material to me, but it seems to have been omitted from the affidavits. I think what the officer testified at the suppression hearing was that he he walked by the door of apartment 103. I think he testified that he didn't want to stop and make himself obvious that he was investigating something there. Just that one time passing in front of the apartment, he did not smell it. Also omitted from the affidavit is the fact that the officer smelled marijuana in apartment 203, right above 103. So yes, there were a couple of things omitted from the affidavit. One of which, frankly, I think would have supported probable cause very strongly, the fact that the officer smelled it up above in apartment 203. We're not sure why both of those facts were omitted. But obviously, what we have to look at here is whether what was presented to the issuing judge establishes probable cause. And of course, the subjective thoughts of the officer are irrelevant in that analysis. Simpson, could I ask, does the government, this was something attributed to you by the defense, but I want to check with you. Does the government contend that there's a sliding scale of probable cause, depending on whether you're doing a dog sniff at the door or a full physical search, taking apart the walls and cabinets and everything else? No, your honor, the case law indicates that you have to have probable cause for a dog sniff at a door of a home. And I believe the case law reflects that's the same probable cause you have to search a home. I tend to agree with that, but there may be some room for debate about that. There is a little bit of that in the back of my mind, but at this point, your honor, we're saying there was probable cause for the dog sniff at the door. And yes, that is required. Or at least a good faith basis. Correct, correct. Also for the circumstances, the landlord was which is very significant. The judge had an opportunity to question the landlord and the detective to assess the landlord's demeanor, to assess his reliability. And all of this information was very fresh when the state judge issued the warrant. Your honor, to go back to this argument in the defense's reply about scent detection capability, the smell of marijuana is sufficiently distinctive and sufficiently well-known that a reasonable person would credit the landlord's perceptions on that subject. And that's the standard we have here. Finally, just a few words on the good faith. It would be remarkable to hold that the police cannot rely on a warrant where they and the informant appeared before the issuing judge in person. There's no allegation that the detective or the landlord were trying to deceive the judge or deliberately withholding information from him. As we've seen, they left out a very fact that was in favor of issuing the warrant. So the police should be able to rely on a warrant issued by a judge in these circumstances. So your honors, we urge the court to dismiss the appeal from the denial of the suppression motion or to affirm that denial. Thank you. Thank you. Mr. Blasen. Thank you, your honors. With respect to Mr. Turner's plea, I would return to what this court said in Adigan. Mr. Turner is a lay defendant and this court has recognized that lay defendants may not recognize the effect a plea can have on their abilities to appeal. And again, at the hearing, the government acknowledged Mr. Turner's desire to appeal and decided to move forward with the plea hearing. And it's also worth noting, I think, that the government in its brief characterizes Mr. Turner's letter to the district court as a pro se filing. So I think it should be construed generously as such. With respect to the search, you know, there is this unidentified tenant complaint of marijuana smell, but I think it's worth noting that that complaint is relayed through Aguas himself. It's not as if the police interviewed the tenant who allegedly smelled marijuana. All this information is coming through Aguas. And, you know, in the four corners of the affidavit, there's no meaningful corroboration of Aguas' testimony. There's this reference to corroborating the structure of the apartment complex, but no corroboration of the smell itself. So I think that's worth noting. Mr. Turner would ask this court to vacate his conviction or in the alternative term and for resentencing. Thank you very much. Thank you. Our thanks to both counsel. The case is taken under advisement and that concludes the calendar for today. The court is in recess.